**Jesse DILLARD, Plaintiff in Error,**

**v.**

**The STATE of Oklahoma, Defendant in Error.**

**No. A–14766.**

Court of Criminal Appeals of Oklahoma.
April 23, 1969.

James Bounds, Hugo, for plaintiff in error.

G. T. Blankenship, Atty. Gen., for defendant in error.

BRETT, Presiding Judge.

Jesse Dillard, hereinafter referred to as defendant, was convicted in the District Court of Choctaw County for the crime of Shooting With Intent to Kill, and from the judgment and sentence fixing his punishment at four years imprisonment in the State Penitentiary, he appeals.

From the record it appears that on the 16th day of July, 1967, the defendant and one James Otis Barr bet dummy spot lights on a race between the defendant and his automobile and Barr and his automobile from the town of Grant to Hugo, Oklahoma. Barr arrived at Hugo first and returned toward Grant, where the defendant was sitting in his automobile at which point an argument ensued as to whether Barr had won the race. According to Barr, the defendant denied that he had lost the dummy spot lights for the reason that his car had flooded out and he did not consider it a race.

In his testimony the defendant stated that he had acknowledged the race to have been won by Barr and offered to deliver the spot lights to him, but Barr replied that he would go get a gun and screwdriver and take the dummy spot lights from the automobile of the defendant.

Barr testified that during this argument the defendant had pulled a .22 caliber pistol on him and that he thereafter went to his car and later drove to the residence of Rosa Dell Minter. He further testified that upon leaving the Minter residence he walked into the front yard where the defendant had parked his car and he observed the defendant with a pistol in his hand and requested that the defendant fight fair and put the pistol away, but the defendant replied, "Man, I've done gone along far enough," and fired three shots, one of which struck Barr in the stomach. Barr then ran into the home of Rosa Dell Minter where he collapsed and was thereafter hospitalized for approximately seven days; was transferred to an Oklahoma City Hospital where he was hospitalized for approximately six weeks.

Rosa Dell Minter testified that she saw the defendant drive in front of her house; she saw Barr, who was unarmed, and heard him make the request that the defendant put up the gun and fight fair, but that the defendant fired three shots whereupon Barr ran into the house and that the defendant pursued him with the pistol in his hand but turned away when she requested that he not shoot in the house.

The defendant testified to prior altercations with Barr. He stated that at the time of the shooting he thought Barr was armed for it appeared that he had something in his pocket and that the three shots which were fired were fired to frighten Barr. He testified that he had stepped from the car and stumbled into a ditch when he accidently fired the shot which struck Barr in the stomach. The defendant denied pursuing Barr across the Minter yard toward the house.

Under these circumstances we find that the verdict of the jury was amply supported by the record and the case is free of any error which would justify modification or reversal. The judgment and sentence appealed from is accordingly affirmed.

BUSSEY and NIX, JJ., concur.